[Civ. No. 10998. Second Appellate District, Division Two.—May 20, 1936.]

In the Matter of the Estate of VINCENZA FASSETTA, an Insane Person. J. M. TONER, M. D., Director of State Institutions, etc., Respondent, v. IOLANDA CATTANEO, Guardian, etc., Appellant.

O. H. Myrick and C. W. Pendleton for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—This is an appeal from an order directing payment by the guardian to the Department of Institutions

of $20 per month for the board, care and maintenance of the incompetent at a state institution for the period from April 2, 1930, to August 2, 1934.

Three points are raised on the appeal: "1. That the director did not sustain his petition by any proof; 2. That the said demand is stale and is barred by laches; 3. That the director is estopped to present said demand on account of leading the guardian to understand that no demand of the kind would be made, but that the same was waived." The allegations of the petition are: (1) That the incompetent is and ever since the fifteenth day of May, 1922, has been an inmate of Norwalk State Hospital, cared for, maintained and given medical attention by that institution. (2) That from January 1, 1930 to August 1, 1934, the rate charged for board, care and medical attention given said insane person was $20 per month. (3) That though often demanded the guardian had failed, refused and neglected to make any payment. (4) That there is now due and owing to the department the sum of $1100.

The answer admits all of said allegations except that it denies that there is or was due the sum of $1100 or any part thereof. The answer also pleads laches and estoppel.

With regard to the first point the answer admits that the incompetent was confined in the institution for the period pleaded; admits that the charge made was $20 per month and that it has never been paid. Under the pleadings there was no burden upon the state to prove these facts, and no point is made that $20 per month is not a reasonable charge for the services rendered.

With regard to defendant's second point, he is not in a position to claim that the demand is stale and is barred by laches where he has admitted in the pleadings the allegation numbered (3) above.

With regard to the defendant's third point, i. e., estoppel, an essential element of estoppel is lacking. The act upon which the defendant relies to create an estoppel consisted merely in the state's silence through the years from 1922 to 1930 in the matter of collecting a similar $20 per month for the care of the incompetent and in its neglect to demand such sums for that period. There is no proof that the state's conduct gained any advantage for the state or produced any disadvantage to the defendant. There is no

proof that the defendant changed his position by reason thereof to his injury.

Judgment affirmed.

Wood, J., and McComb, J., *pro tem.*, concurred.